JOHN A. VAN EMBURGH, RELATOR, v. ORRIN S. TRALL, RESPONDENT.

Argued June 29, 1906—Decided July 9, 1906.

1. The act of February 15th, 1905, extending the term of office of chosen freeholders and the other elective officials of the various municipalities of the state, until the 1st day of January, 1906, did not thereby abolish the annual stated meeting of the board of chosen freeholders of the several counties of the state which was required by statute to be held on the second Wednesday in May, 1905.

2. The act of February 15th, 1905, did not extend the term of office of appointed county officials until January 1st of the year next succeeding the ending of their term of office. Only officials of towns, townships, boroughs or other municipalities were so extended. County officials are not within the terms of the act.

On rule to show cause why a *mandamus* should not issue.

Before Justices FORT and REED.

For the relator, *Peter W. Stagg.*

For the respondent, *Ernest Koester.*

The opinion of the court was delivered by

FORT, J. This is an application for a writ of *mandamus* to compel Orrin S. Trall, of the county of Bergen, to turn over the books, papers and money of the county collector of

Bergen county to John A. Van Emburgh, the relator, who alleges that he is the county collector.

Waiving the question as to whether this is not, in effect, an application to determine the title to an office, and hence one that can only be raised by *quo warranto,* we think that the writ applied for must be denied.

It is conceded that Trall was duly elected county collector at the annual stated meeting of the chosen freeholders of Bergen county, held on the second Wednesday in May, 1902. *Gen. Stat., p.* 410, § 6.

The term of office of the collector of Bergen county is fixed by statute at three years. *Pamph. L.* 1893, *p.* 27; *Pamph. L.* 1894, *p.* 341.

When Trall's office expired, in May, 1905, he was again re-elected at the annual stated meeting of the board, held on the second Wednesday of May of that year. This fact is also uncontroverted.

But it is contended that this election was not a legal one, as the annual stated meeting of the chosen freeholders had been changed by the act of February 15th, 1905. *Pamph. L., p.* 14.

Conceding, without deciding, that the act of February 15th, 1905, did change the time of the annual stated meeting of the several boards of chosen freeholders to which it applied from the second Wednesday in May to the 1st day of January in each year, still we do not find it necessary to hold that this act did not require the holding of the annual stated meeting in May, 1905. The act of February 15th, 1905, undoubtedly extended the term of office of the chosen freeholders then in office, whose term expired prior to January 1st, 1906, to that date. Still, there is no apparent reason for saying that because of this extension of term the annual stated meeting of the board, required to be held on the second Wednesday in May, 1905, was abolished. We think it was not, and that this meeting was rightly held by the freeholders of Bergen on the second Wednesday in May, 1905.

If the act of February 15th, 1905, shortened the time between the stated meeting in 1905 and that in 1906 by requir-

ing it to be held on January 1st, 1906, that fact cannot be said to affect the legality of the meeting held in May, 1905, or any lawful action taken thereat. The mere extension of the term of office of elective officials cannot be said to abolish a stated meeting required by statute to be held by such officials. Such a result surely would not follow, except it followed from the plain language of the extension act.

An extension of term cannot be said, in itself, to be a modification of the duties cast upon the freeholders by the express mandate of the statute.

The meeting of the chosen freeholders of Bergen county held on the second Wednesday in May, 1905, was therefore a legal meeting under the statute, and they could at such meeting fill any office then vacant or which by statute they were then required to fill.

The office of county collector is an office which the statute requires to be filled at the annual stated meeting. *Gen. Stat., p.* 412, § 19.

Nor is there force in the suggestion that the office of county collector was not vacant at the stated meeting of the freeholders in May, 1905.

It was contended that the act of February 15th, 1905, extended the terms of office of all appointed county officials until January 1st, 1906. We do not give such force to the act. This act does not cover appointed *county* officials. It relates only, both by its title and the body of the act, to the appointed officials in towns, townships, boroughs and other municipalities. *Pamph. L.* 1905*, p.* 14, § 3.

Upon this point we agree with the construction placed upon the statute by Mr. Justice Garretson in Wright *v.* Campbell, and not yet reported.

Mr. Trall, having been elected county collector at the annual stated meeting of the freeholders of Bergen county, held in May, 1905, for the term of three years, and having duly qualified by giving the required bond, is lawfully in possession of the books, papers and money which the relator seeks by the writ applied for to have directed to be delivered over to him.

The writ of *mandamus* is therefore denied.